# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

v.

THE ATTORNEY GENERAL OF THE STATE; R.E. CURRIE, D.A.; and ATTORNEY MARTIN EAVES,

    Respondents.

CIVIL ACTION NO.: 5:15-cv-27

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Franklin Williams ("Williams"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 contesting his conviction obtained in the Ware County, Georgia, Superior Court.[1] Williams also filed a Motion to Proceed *In Forma Pauperis*. Williams' Motion is **DENIED**. In addition, Williams filed a Writ of Error Coram Nobis. (Doc. 3.) For the reasons which follow, it is my **RECOMMENDATION** that Williams' Petition and his Writ be **DISMISSED**. I also **RECOMMEND** that Williams be **DENIED** a Certificate of Appealability and **DENIED** *in forma pauperis* status on appeal.

---

[1] Williams was released from state custody on October 23, 2009. http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp, last accessed on Oct. 30, 2015. While the Court recognizes there are instances where a federal prisoner can and should attack any underlying state court conviction, it is unclear—based on the assertions raised in his Petition—why Williams continues to attack his Ware County conviction.

**I.     Williams' Contentions**

In his Petition, Williams asserts this Court erred in considering his previously-raised ineffective assistance of counsel claims using the "prejudice" prong of the Strickland v. Washington standard.[2] Williams also asserts that he has established cause and prejudice excusing his procedural default of claims he contends are exhausted. Williams maintains a fundamental miscarriage occurred because he was prosecuted based on a null and void indictment. Williams contends he has been denied access to the courts based on the Ware County Superior Court's issuance of a permanent injunction against him in 2009.[3]

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that

---

[2]  To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 685–86 (1984).

[3]  See R. & R., Williams v. Pearce, 5:12-cv-64, (S.D. Ga. Sept. 24, 2012), ECF No. 8, for an extensive recitation of the Section 2254 petitions Williams has filed with this Court and that this Court has reviewed. The Court need not recount Williams' repetitive assertions set forth in those previously filed petitions. In addition, the contentions Williams raises in his Writ of Error Coram Nobis, (doc. 3), are either repetitive of those contentions set forth in his Petition in this case or of those contentions raised in his numerous previous Section 2254 proceedings.

is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330–31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This Section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Williams has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition.[4] 28 U.S.C. § 2244(b)(3). While it may be permissible for this Court to transfer this petition to the Court of Appeals, it is not in this case. Williams' Petition is barred under the gatekeeping provision of Section 2244(b)(3)(A). The claims for relief in this cause of action would be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

---

[4] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Williams' petition filed with the Middle District of Georgia on December 17, 2007, and transferred to this Court on December 19, 2007, was dismissed with prejudice. R. & R., Order, & J., Williams v. Hart, 5:07-cv-101, (S.D. Ga. Sept. 28, Oct. 21, and Oct. 22, 2008), ECF Nos. 21, 25, & 26.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Williams leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Williams has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a

constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Williams' pleadings and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that Williams' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and his Writ of Error Coram Nobis be **DISMISSED** and that this case be **CLOSED**. I also **RECOMMEND** that Williams be **DENIED** a Certificate of Appealability and be **DENIED** *in forma pauperis* status on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Williams.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 3rd day of November, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA